IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RAFAEL MARTINEZ-AYALA**, | Case No. 2:16-cv-00044-SB |
| Petitioner, | **ORDER** |
| v. | |
| **JERI TAYLOR, Superintendent, Eastern Oregon Correctional Institution**, | |
| Respondent. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on March 28, 2019. ECF 67. Magistrate Judge Beckerman recommended that the Court should grant Petitioner's Amended Habeas Petition (ECF 29) on the basis that trial counsel was ineffective for failing to offer mitigation evidence at sentencing.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations,

"the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Respondent timely filed an objection (ECF 75), to which Petitioner responded (ECF 76), Respondent replied (ECF 79), and Petitioner sur-replied (ECF 81). Respondent objects to the portion of Magistrate Judge Beckerman's recommendation finding that habeas relief is warranted on Petitioner's claim 1C, alleging ineffective assistance of counsel. Respondent raises three primary claims of error. First, Respondent argues that the F&R erroneously fails to address the first prong of *Strickland v. Washington*, 466 U.S. 669 (1984) under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Second, Respondent argues that, even if the F&R did consider both prongs of *Strickland* under AEDPA, it failed to accord the PCR court's decision deference under 28 U.S.C. § 2254. And third, Respondent argues that the F&R failed to evaluate trial counsel's performance under the deferential standard required by *Strickland*.

The Court turns first to the question of whether Judge Beckerman correctly applied the "doubly" deferential standard of review resulting from the combination of *Strickland* and 28 U.S.C. § 2254. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, . . . or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

*Id.* at 100 (internal citations omitted).

"The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Id.* The PCR court engaged in a lengthy analysis of the motivation of Judge James, the sentencing judge, in imposing a 269-month sentence, referring repeatedly to the specific facts of Petitioner's crime that the PCR court believed would have stood out to Judge James and motivated Judge James's decision. Resp. Ex. 128 at 33-36. The *Strickland* analysis, however, is an objective one and "should not depend on the idiosyncrasies of the particular decisionmaker." *Strickland*, 466 U.S. at 695; *White v. Ryan*, 895 F.3d 641, 670 (9th Cir. 2018). The PCR court's decision was thus contrary to clearly established federal law because it applied the incorrect analysis under *Strickland*.

After Judge Beckerman determined that the PCR court's determination was contrary to *Strickland*, she analyzed Petitioner's ineffective assistance claim "independently without AEDPA deference." *White*, 895 F.3d at 671. "When a state court's adjudication of a claim is dependent on an antecedent unreasonable application of federal law, the requirement set forth in § 2254(d)(1) is satisfied. A federal court must then resolve the claim without the deference AEDPA otherwise requires." *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007). If a federal court "determine[s] that 'the requirements of AEDPA have been met, [it] must also determine,

PAGE 3 – ORDER

applying a *de novo* review standard, [that] there has been a constitutional violation' before [it] may grant habeas corpus relief." *Crace v. Herzog*, 798 F.3d 840, 846 (9th Cir. 2015). Accordingly, Judge Beckerman's analysis of Petitioner's constitutional claim was appropriately conducted under a *de novo* standard of review, which still involved an application of the deferential standard of *Strickland*, but was stripped of the doubly deferential standard under AEDPA.

The Court has reviewed the remainder of the F&R and concludes that Judge Beckerman properly analyzed Petitioner's ineffective assistance of counsel claim under *Strickland*. The failure to present any testimony, affidavits, letters of support, documentary evidence, or even a sentencing memorandum fell below an objective standard of reasonableness. Trial counsel knew that Petitioner, then 49 years old, was facing a lengthy sentence—potentially up to 25 years—and that Petitioner had a compelling personal history of law-abiding work, family support, and great personal loss. Yet, trial counsel undertook no steps, other than obtaining funding to prepare a three-page sentencing report that largely repeated Petitioner's own statements, to pursue, investigate, or present mitigation evidence in the sentencing hearing. Despite affidavits from Petitioner's family members that they were available and willing to testify, trial counsel failed to contact them. Petitioner's daughter stated in her affidavit that she called Petitioner's trial counsel "up to three times a week" offering her assistance, but trial counsel never asked her to testify or provide any information or documents. Trial counsel also never sought testimony from Petitioner's cousin, who was present at sentencing and willing to testify. Although Respondent argues that trial counsel may have made a strategic choice in not pursuing a certain line of investigation, the decision not to pursue any investigation at all beyond the basic sentencing

reports falls below an acceptable standard of reasonableness. *See Wiggins v. Smith*, 539 U.S. 510, 524 (2003); *White*, 895 F.3d at 668-69; *Clabourne v. Lewis*, 64 F.3d 1373, 1384 (9th Cir. 1995).

At sentencing, the only evidence that, contrary to the State's contention, Petitioner was not a long-time drug dealer was Petitioner's own statements. Had Petitioner's counsel presented evidence in the form of testimony, documents, letters of support, or a sentencing memorandum, there is a reasonable probability that a sentencing judge might have sentenced Petitioner, a first-time, non-violent offender, to a sentence lower than the 269-month sentence that he is currently serving.

For those portions of Magistrate Judge Beckerman's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Beckerman's Findings and Recommendation, ECF 67. Petitioner's 269-month sentence is vacated and a new sentencing hearing must be held within 60 days from the date of entry of judgment in this case. The Court declines to issue a Certificate of Appealability on the claims that Judge Beckerman rejected on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2) with respect to those claims.

**IT IS SO ORDERED.**

DATED this 19th day of July, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge